IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOHN T. HARDEE,**

    Plaintiff,

v.                                                          Civil Action No. **3:20CV558**

**CITY OF NORFOLK,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

John T. Hardee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on February 25, 2021, and again on April 13, 2021, the Court directed Plaintiff to file a Particularized Complaint. Plaintiff filed a Particularized Complaint. (ECF No. 25.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556

2

U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Hardee's Allegations

On April 24, 2018, Hardee was arrested, and he remains detained for criminal charges in the Circuit Court for the City of Norfolk, Virginia. (ECF No. 25, at 1.) Hardee alleges that Defendants[2] committed errors related to his ongoing detention and criminal proceedings. Specifically, Hardee contends that he was moved to Hampton Roads Regional Jail against his will, that the Prosecutorial Defendants would not agree to release him on bond, and he became infected with COVID-19 during his detention at that facility. Hardee contends that these actions violated his Fourteenth Amendment right as a pre-trial detainee not to be punished.[3] Hardee seeks declaratory relief and monetary damages.

---

[2] Hardee names the following Defendants: the City of Norfolk; the Norfolk City Jail; the Norfolk Sheriff's Office; Norfolk Sheriff, Joseph Baron; Office of the Norfolk Commonwealth's Attorney. Hardee also names four prosecutors involved in his criminal proceedings: Commonwealth's Attorney, Gregory D. Underwood; Deputy Commonwealth's Attorney, Jill C. Harris; Assistant Commonwealth's Attorney, Mary E. Button; and, Senior Assistant Commonwealth's Attorney, Asha S. Pandya ("Prosecutorial Defendants"). (ECF No. 25, at 1.)

[3] Hardee states that he was a pre-trial detainee at the time; therefore, the Fourteenth Amendment, not the Eighth Amendment controls. *See Goodman v. Barber*, 539 F. App'x 87, 89

## III. Analysis

The Court finds it both unnecessary and inappropriate to engage in an extended discussion of Hardee's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Hardee's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

### A. Persons Not Amenable to Suit Under § 1983

In the April 13, 2021 Memorandum Order, directing Hardee to file a particularized complaint, the Court explained that:

> Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

(ECF No. 23, at 1.) Despite the Court's explicit warnings, in his Complaint, Hardee names the Norfolk City Jail, the Norfolk Sheriff's Office, and the Office of the Norfolk Commonwealth's Attorney. These entities are not persons that can be sued under § 1983. *See Preval*, 2000 WL 20591, at *1; *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (citations omitted) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued in § 1983). Accordingly, any claim against

---

(4th Cir. 2013). The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

the Norfolk City Jail, Norfolk Sheriff's Office, and Office of the Norfolk Commonwealth's Attorney will be DISMISSED for failure to state a claim and as legally frivolous.

### B. Prosecutorial Defendants

Hardee also names four prosecutors from the Office of the Norfolk Commonwealth's Attorney who were involved in his criminal proceedings: Gregory G. Underwood, Jill C. Harris, Mary E. Burton, and Asha S. Pandya. However, prosecutorial immunity bars Hardee's claims for money damages against the four Prosecutorial Defendants. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Hardee faults the prosecutors involved in his criminal proceedings for arguing against his release on bond. Hardee fails to allege, however, that the prosecutors' actions in his pending criminal proceedings were taken outside of their role as advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Therefore, Hardee's claims for

5

damages against Defendants Underwood, Harris, Button, and Pandya will be DISMISSED as legally frivolous and for failure to state a claim.

Moreover, given the frivolous nature of Hardee's claims, Hardee states no basis for declaratory relief against Defendants Underwood, Harris, Button, and Pandya. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, Hardee's claims for declaratory relief will also be DISMISSED WITH PREJUDICE.

### C. <u>Sheriff Joseph Baron</u>

Hardee contends that

> On May 1, 2018, . . . by order of Norfolk Sheriff, Joseph Baron, informed Plaintiff Hardee that he must pack-up – he was being sent to Hampton Roads Regional Jail, located in Portsmouth, Virginia. Plaintiff Hardee did not want to go to Hampton Roads regional Jail, but was told that he did not have a choice in the matter.
> Plaintiff Hardee was continuously held in custody at Hampton Roads Regional Jail, for the City of Norfolk . . . [and] Norfolk Sheriff Joseph Baron . . . from May 1, 2018 to March 23, 2021 . . . .

(ECF No. 25, at 2 (paragraph numbers omitted).) While Hardee was housed in the Hampton Roads Regional Jail, the facility "continued to receive new intakes from other jurisdictions after the [Governor's] shutdown [order] on March 12, 2020. Plaintiff Hardee and numerous inmates were placed in harm's way, when new intakes were quarantined in general population, rather than being placed in isolation." (*Id.* at 3.) On April 24, 2020, Hardee tested positive for COVID-19. (*Id.*) Hardee contends that his injury was preventable because "[t]hey all had a[n] opportunity to return the plaintiff, or any others back to Norfolk." (*Id.*)

Hardee faults Sheriff Baron for his "unwritten policy [of] sending him to Hampton Roads Regional Jail." (*Id.* at 4.) However, to the extent that Hardee alleges that Sheriff Baron has somehow violated his rights based on an alleged municipal policy or custom, he fails to state a claim for relief. To state a claim against Sheriff Baron on that theory, Hardee must allege facts showing that Sheriff Baron deprived him of a constitutional right "through an official policy or

6

custom." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).[4] "[A] policy or custom that is not itself unconstitutional . . . must be independently [alleged] to have caused the violation." *Spell v. McDaniel*, 824 F.2d 1380, 1387–88 (4th Cir. 1987). Therefore, mere allegations "that such a policy or custom was 'likely' to cause a particular violation is not sufficient;" rather "there must be [alleged] at least an 'affirmative link' between policy or custom and violation; in tort principle terms, the causal connection must be 'proximate,' not merely 'but-for' causation-in-fact." *Id.* at 1388 (citation omitted). Therefore, "liability will attach only for those policies or customs having a '*specific* deficiency or deficiencies . . . such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Carter*, 164 F.3d at 218 (emphasis and omission in original) (quoting *Spell*, 824 F.2d at 1390).

As a preliminary matter, Hardee fails to allege facts suggesting that the policy to house Norfolk inmates in the Hampton Roads Regional Jail standing alone is unconstitutional. Hardee has no constitutional right to be housed in the facility of his choosing. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). Therefore, he must allege that the policy caused the specific violation of his rights. *Spell*, 824 F.3d at 1387–88. Presumably, Hardee argues that he would not have contracted COVID-19 but for Sheriff Baron's policy of housing Norfolk inmates in the Hampton Roads Regional Jail. "Nonetheless, merely pleading the magic words of causation is

---

[4] An unconstitutional official policy or custom

> can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle*, 326 F.3d at 471 (alteration in original) (quoting *Carter*, 164 F.3d at 217).

insufficient to pass a complaint through the Rule 12(b)(6) crucible because the court need not accept as true 'conclusory allegations regarding the legal effect of the facts alleged.'" *Brown v. Mitchell*, 308 F. Supp. 2d 682, 694 (E.D. Va. 2004) (quoting *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir 1995)). Hardee fails to allege facts that plausibly suggest that Sheriff Baron's policy is the actual cause of the constitutional violation alleged. To the contrary, Hardee contends that Hampton Roads Regional Jail's acceptance of new inmates and policy of maintaining them in general population caused him to contract COVID-19. Hardee does not allege that Sheriff Baron, as the Sheriff of the City of Norfolk, had any control over the daily operations of the Hampton Roads Regional Jail in Portsmouth. Thus, the conditions of his confinement in the Hampton Roads Regional Jail, not Sheriff Baron's policy, would appear to be the actual cause of his illness. *Woodson v. City of Richmond, Va.*, No. 3:13cv134, 2015 WL 586125, at * (E.D. Va. Feb. 11, 2015) (explaining that liability is precluded "in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity" (citation omitted)). Therefore, Hardee fails to allege facts that would indicate that Sheriff Baron's policy of sending Norfolk inmates to the Hampton Roads Regional Jail was the actual cause of Hardee's contraction of COVID-19. *See Spell*, 824 F.2d at 1387–88. Accordingly, any claim against Sheriff Baron fails to state a claim for relief and will be DISMISSED.[5]

### D. City of Norfolk

Municipalities are "persons" under § 1983 and, therefore, "[a] municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a

---

[5] To the extent that Hardee intends to bring this action against Sheriff Baron in his official capacity, he fails to state a claim for relief, because a sheriff is immune from suit under § 1983. *See Riddick v. Watson*, No. 2:19cv363, --- F. Supp. 3d ----, 2020 WL 6939730, at *4–6 (E.D. Va. Nov. 5, 2020) (citations omitted) (explaining that "overwhelming authority" dictates that "Virginia sheriffs and their deputies are state officers afforded Eleventh Amendment immunity with respect to § 1983 official capacity claims").

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692 (1978)). However, "under § 1983, local governments are responsible only for 'their *own* illegal acts,'" not for their employees' actions. *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). For Hardee to state a claim against the City of Norfolk, he must allege facts suggesting that the City of Norfolk deprived him of a constitutional right "through an official policy or custom." *Lytle*, 326 F.3d at 471 (quoting *Carter*, 164 F.3d at 218).

Hardee fails to identify with the requisite specificity an official policy or custom that would make the City of Norfolk liable under § 1983. Rather, Hardee faults the City of Norfolk "for employing the other defendants who are responsible for violating his Fourteenth Amendment right[s]." (ECF No. 25, at 4.) As explained above, the City of Norfolk is not liable under § 1983 for the acts of its employees. *Connick*, 563 U.S. at 60 (citation omitted). Moreover, none of the employees that Hardee has named in this action are personally liable for the alleged violation of his constitutional rights. Accordingly, Hardee's claims against the City of Norfolk will be DISMISSED for failure to state a claim.

### IV. Conclusion

For the foregoing reasons, Hardee's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: June 17, 2021
Richmond, Virginia